CHANDLER, J.,
for the Court.
¶ 1. The police stopped Garry Havard at a Game and Fish Commission roadblock. The officers smelled alcohol on Havard’s breath and attempted to administer sobriety testing, which Havard refused. Ha-vard was convicted of misdemeanor driving under the influence of intoxicating liquor in the Justice Court of George County. On January 16, 2003, the Circuit Court of George County affirmed the conviction. On December, 3, 2003, Havard filed a motion for reconsideration and/or out of time appeal, which the circuit court dismissed as untimely. Havard appeals, raising two issues:
I. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING HAVARD’S APPEAL AS UNTIMELY II. WHETHER THE ROADBLOCK WAS CONSTITUTIONAL
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Havard had been drinking beer and watching college football on television at a friend’s house. While driving home, he was stopped at a Game and Fish Commission roadblock at approximately 7 p.m. on September 20, 2000. The roadblock was established to check all vehicles coming into an intersection for game taken. Ha-vard had an open container of beer in his truck, and admitted to drinking. Havard refused all sobriety testing including an intoxilizer test. He was tried and convicted in justice court, based upon the law enforcement officers’ testimony that Ha-vard appeared intoxicated and had an open container in his vehicle. On August 6, 2001, Havard appealed to the circuit court.
¶ 4. On October 3, 2001, while the appeal was pending in the circuit court, Havard filed a motion to suppress the evidence garnered from the roadblock on the basis that the roadblock resulted in an constitutionally prohibited search and seizure. On December 6, 2001, the circuit court entered an order denying the motion to suppress. As a result, the court found Ha-vard guilty of driving under the influence. The court considered the evidence that two officers smelled alcohol emanating from Havard’s vehicle, Havard’s admission that he had consumed alcohol, and Havard’s refusal to perform either of the two sobriety tests the police officers attempted to administer. Under the evidence, Havard was guilty of driving under the influence by virtue of the implied consent law. Miss.Code Ann. § 63-11-5 (Rev.2000).
¶ 5. On December 18, 2002, both Havard and the State stipulated that the testimony would not differ from that found in the justice court transcript, and submitted the appeal based upon that record with no open court proceedings. In other words, the circuit court considered the matter without additional evidence. On January 16, 2003, the circuit court entered an order of conviction for driving under the influence. The order indicates that the prosecutor and Havard’s attorney were sent copies of the order. Havard claims, however, that no copies of the order were sent.
¶ 6. On December 3, 2003, Havard filed his motion for reconsideration or, in the alternative, for an out-of time-appeal. No evidence was presented in support of Ha-vard’s claim that he had not received notice of the January 16, 2003, judgment. On February 28, 2004, the circuit court *993 denied the motion, finding that Havard had failed to give notice of his appeal within thirty days as prescribed by Mississippi Rule of Appellate Procedure (MRAP) 4(a).
ANALYSIS
I. WHETHER THE CIRCUIT COURT ERRED IN DISMISSING HAVARD’S APPEAL AS UNTIMELY
¶ 7. Havard claims that the court erred in failing to suspend the rules and grant an out-of-time appeal. He claims that the interest of justice requires that his appeal be granted because there were no open court proceedings, because the extended length of time between the court’s order of conviction and Havard’s motion for consideration demonstrates that he was unaware of the order, and because the order of conviction was an essential part of the record. He claims that the circuit court breached Uniform Rule of Circuit Court Practice 11.05 when it failed to notify the parties of its ruling.
¶ 8. Under MRAP 4(a), notice of appeal should be filed within thirty days after the date of entry of the judgment from which the appeal was taken. If an extension is requested beyond thirty days after the expiration of time by MRAP 4(a), the granting of a motion is dependent on a showing of “excusable neglect.” MRAP 4(g). The comments to MRAP 4(g) are derived from the federal rules of appellate procedure. Matter of Estate of Ware, 573 So.2d 778, 775 (Miss.1990). Federal courts have held that the excusable neglect standard is a strict one. See, e.g., Parke-Chapley Constr. v. Cherrington, 865 F.2d 907, 911 (7th Cir.1989).
¶ 9. Havard claims that he has shown excusable neglect by alleging that he never received notice that his conviction was upheld. The defendant has the burden of showing excusable neglect. Harlow v. Grandma’s House, Inc., 730 So.2d 73, 76(¶ 16) (Miss.2002). Mere failure to learn of the entry of a judgment is not excusable neglect. Id.
¶ 10. This Court may, for good cause shown, and in criminal cases only, suspend the requirements of Rule 4. MRAP 2(c). An out-of-time appeal is granted by this Court “where a person is convicted of a crime and through no fault of his own is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court.” Jones v. State, 355 So.2d 89, 90 (Miss.1978). “We may suspend rules 2 and 4 ‘when justice demands’ to allow an out-of-time appeal in criminal cases.” McGruder v. State, 886 So.2d 1, 2(¶ 5) (quoting Fair v. State, 571 So.2d 965, 967 (Miss.1990)).
¶ 11. This Court finds that the interests of justice do not favor allowing for an out-of-time appeal. Havard contends, pursuant to Dieck v. Landry, 796 So.2d 1004, 1008(¶ 12) (Miss.2001), that he has no burden of proof to prove a negative and show that the circuit court failed to mail copies of its order. This argument is not an accurate statement of the law. The circuit court’s January 16, 2003, order indicated that Havard’s attorney was to be notified of the order. “In the absence of any proof to the contrary, there is a very strong presumption ... that public officers have properly discharged the duties of their office and performed faithfully those matters with which they are charged.” Raper v. State, 317 So.2d 709, 712 (Miss.1975) (citation omitted). Havard has presented no proof but mere allegations that he had never received notice.
¶ 12. Finding that Havard is not entitled to an out-of-time appeal, there is no *994 need to address the issue of the constitutionality of the roadblock.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF GEORGE COUNTY OF CONVICTION OF DRIVING UNDER THE INFLUENCE AND SENTENCE OF A FINE OF $250, PLUS COSTS, AND ORDER TO ATTEND MA-SAPS IN ACCORDANCE WITH THE SENTENCE GIVEN BY THE JUSTICE COURT JUDGE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.