CARLTON, J., for the Court:
¶ 1. Following the Madison County Circuit Court’s denial of his motion for post-conviction relief (PCR), Joseph L. Johnson filed a motion for permission to proceed out of time with his appeal.[1] The circuit court dismissed the motion. The record reflects that Johnson’s appeal was untimely, and upon review, we find no abuse of discretion in the circuit court’s dismissal of Johnson’s motion for permission to proceed with an out-of-time appeal.[2] We therefore affirm the circuit court’s ruling.
FACTS
¶ 2. On June 11, 2008, a Madison County grand jury indicted Johnson for gratification of lust pursuant to Mississippi Code Annotated section 97-5-23(1) (Rev.2006). On June 12, 2009, Johnson signed a plea petition in which he pled guilty. After considering the evidence, including testimony from Johnson, the circuit court judge found the following: (1) the allegations contained in Johnson’s plea petition were supported by the evidence and were true and correct; (2) Johnson’s guilty plea was not induced by force, violence, threats, coercion, fear, deception, promises, or misrepresentations; (3) Johnson was competent to understand and did understand the nature of the crime to which he pled guilty and the minimum and maximum punishments for the crime; (4) Johnson understood that entering a guilty plea expressly waived certain constitutional rights; (5) Johnson freely, voluntarily, and knowingly made his guilty plea; (6) there was a factual basis for Johnson’s plea that established his guilt beyond any reasonable doubt; and (7) Johnson’s plea petition should be granted and his guilty plea accepted.[3]
¶ 3. Based upon affirmative representations made by Johnson, the circuit court judge found that Johnson pled guilty to gratification of lust because he believed that the State’s evidence, if presented at trial, would have more likely resulted in his conviction than his acquittal. In a sentencing order entered on July 20, 2009, the circuit court judge ordered Johnson to serve fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with seven years suspended and five years of post-release supervision. Aggrieved by the circuit court’s sentencing order, Johnson attempted to file a notice of appeal on August 25, 2009. He received a notice to show cause as to why his appeal should not be dismissed as untimely, and in an order entered November 30, 2009, this Court dismissed the attempted appeal.
¶4. Johnson subsequently filed a PCR motion, which the circuit court denied in an order entered on September 23, 2010. The circuit court judge stated the following:
The Petitioner, represented by counsel, filed a sworn petition to enter a plea of guilty, entered a plea of guiltyf,] and was sentenced ... for the crime of gratification of lust.... [T]he [tjrial [cjourt [jjudge explained in detail Petitioner’s constitutional rights and the effect of a waiver of those rights ... [and] inform[ed] the Petitioner that no one could threaten, coerce[,j or force him to plead *338 guilty[,] and if anyone had done so[,] to report it to the [c]ourt. The Petitioner filed a sworn petition to plead guilty[,] which included a recitation of his constitutional rights, the elements of the crime[,] averments that he was satisfied with his attorney, no one had threatened or forced him to plead guilty[,] and that his plea was freely and voluntarily made and entered. The petition was reviewed by the court[,] and the Petitioner was examined, under oath, in open court by the undersigned judge.
The [cjourt upon examination was satisfied and found that the Petitioner freely, voluntarily[,] and intelligently entered a plea of guilty, and the [c]ourt, having considered the pleadings and record in this matter, is of the opinion and finds and adjudicates that the Petitioner has failed to state a claim for relief under Mississippi Code Annotated [section] 99-39-5 [ (Supp.2013) ].
¶ 5. On August 29, 2012, the Mississippi Supreme Court entered an order in response to Johnson’s motion for permission to proceed out of time. The order dismissed Johnson’s motion, stating that Johnson’s conviction was the result of a guilty plea and that any related pleadings had to be filed in the trial court. Johnson then returned to the circuit court and filed a motion on January 24, 2013, which again requested permission to proceed with an out-of-time appeal.
¶ 6. On March 8, 2013, the circuit court judge dismissed Johnson’s motion. The circuit court judge stated that “it plainly appears from the face of the ... [motion] that [Johnson] is not entitled to any relief[,] and [the court] ... finds that such motion should be dismissed” pursuant to Mississippi Code Annotated section 99-39-11(2) (Supp.2013). Aggrieved by the circuit court judge’s dismissal of his motion for permission to proceed out of time, Johnson raises this appeal.
STANDARD OF REVIEW
¶ 7. We acknowledge that Mississippi Code Annotated section 99 — 39—5(l)(i) (Supp.2013) allows an inmate to file a motion for PCR on the basis that he is entitled to an out-of-time appeal. “To prove his right to an out-of-time appeal, the mov-ant must show by a preponderance of the evidence that he asked his attorney to appeal within the time allowed for giving notice of an appeal.” Dickey v. State, 662 So.2d 1106, 1108 (Miss.1995). “Moreover, the movant must show that the attorney failed to perfect the appeal and that such failure was through no fault of the mov-ant.” Id. (citations omitted). When a circuit court summarily denies or dismisses a request for an out-of-time appeal, we review the decision for abuse of discretion. Parker v. State, 921 So.2d 397, 399 (¶¶ 5, 7) (Miss.Ct.App.2006). See also M.R.A.P. 2(c) & cmt. (providing for the suspension of the rules where good cause is shown, such as in the interest of justice); M.R.A.P. 4(h) & cmt. (providing that the decision of whether to grant a motion under Rule 4(h) is discretionary).[4]
DISCUSSION
¶ 8. Rule 4(a) of the Mississippi Rules of Appellate Procedure requires the *339 notice of appeal to be filed within thirty-days after the date of entry of the judgment or order from which the appeal was taken. As the procedural history of this case demonstrates, however, Johnson’s appeal from the circuit court’s denial of his PCR motion fell well outside Rule 4(a)’s thirty-day time period. The record reflects that the circuit court denied Johnson’s PCR motion in an order entered on September 28, 2010. Over two years later, Johnson sought to appeal the denial of his PCR motion, and he filed a motion with the circuit court for permission to proceed with an out-of-time appeal. The record reflects that Johnson’s motion was received by the circuit court on December 19, 2012, and filed on January 24, 2013. The circuit court judge then dismissed Johnson’s motion on March 8, 2013, and Johnson filed his notice of appeal with the circuit court clerk on March 25, 2013. As acknowledged, the record reflects that Johnson was clearly delinquent in filing his notice of appeal in the matter before this Court.
¶ 9. Despite Johnson’s failure to timely appeal, we acknowledge that in criminal cases the pleadings of pro se litigants are construed liberally.[5] In addition, our case law recognizes that, under limited circumstances, this Court may suspend Rule 4(a)’s thirty-day requirement when justice so demands. “Rule 2(c) of the Mississippi Rules of Appellate Procedure allows this Court, for good cause shown, to suspend the requirement of Rule 4 ... that an appeal be filed within thirty days of the entry of judgment.” Parker, 921 So.2d at 399 (¶ 5). In Havard v. State, 911 So.2d 991, 993 (¶ 10) (Miss.Ct.App. 2005), we acknowledged the following:
An out-of-time appeal is granted by this Court where a person is convicted of a crime and[,] through no fault of his - own[,] is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court. We may suspend [Rjules 2 and 4 when justice demands to allow an out-of-time appeal in criminal cases.
(Internal citations and quotation marks omitted).[6]
¶ 10. In the present case, Johnson fails to show that justice demands suspension of the rules or to proffer that any good cause exists to explain the reason for the delay of his appeal. As reflected in the record, Johnson fails to argue or to show that he possessed no fault for his out-of-time appeal and that the acts of his attorney or the circuit court effectively denied his right to perfect his appeal within the time prescribed by Rule 4(a). Thus, Johnson fails to show that a suspension of the rules is warranted in his case, and he fails to present evidence to warrant an evidentiary hearing on his motion for an out-of-time appeal.[7] We further find that no evidence in the record shows that the interests of justice demand allowing Johnson to proceed with his out-of-time appeal. As a result, we find no abuse of discretion in the circuit court’s dismissal of Johnson’s motion for permission to proceed with an out-of-time appeal.[8] We therefore affirm the circuit court’s judgment.
¶11. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT *340 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P JJ, BARNES, ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. ROBERTS, J, CONCURS IN RESULT ONLY.

.Johnson sought an out-of-time appeal to raise the following issues: (1) whether there was insufficient evidence to support his conviction; (2) whether his post-Miranda silence was improperly referenced at trial; (3) whether evidence of a prior crime was improperly admitted; and (4) whether his sentence was illegal.

. See Parker v. State, 921 So.2d 397, 399 (¶¶ 5, 7) (Miss.Ct.App.2006) (finding no abuse of discretion in the trial judge’s denial of the defendant's out-of-time appeal).

. Johnson’s plea colloquy was included in the record on appeal.

. We also acknowledge that, when reviewing a circuit court's denial or dismissal of a petition filed pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act, our case law is well settled that this Court "will not disturb the [circuit] court's factual find-tags unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Stokes v. State, 66 So.3d 746, 748 (¶ 3) (Miss.Ct.App.2011) (citations omitted).

. See Evans v. State, 725 So.2d 613, 678 (¶ 280) (Miss.1997) (quoting Green v. McKaskie, 788 F.2d 1116, 1119 (5th Cir.1986)).

. See also Dickey, 662 So.2d at 1108.

. See Havard, 911 So.2d at 993 (¶ 10).

. See Parker, 921 So.2d at 399 (¶¶ 5, 7).