## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2013-CP-01016-COA

ROBERT DEWAYNE BARNES A/K/A ROBERT                    APPELLANT
BARNES A/K/A ROBERT D. BARNES

v.

STATE OF MISSISSIPPI                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/24/2013 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT DEWAYNE BARNES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED OUT-OF-TIME APPEAL |
| DISPOSITION: | AFFIRMED - 11/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ROBERTS AND CARLTON, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.    In 2005, Robert Dewayne Barnes pleaded guilty to three counts of armed robbery. Barnes was sentenced to serve three years on each count, with the sentences to run concurrently, and five years of post-release supervision. On April 24, 2012, the Jackson County Circuit Court found that Barnes had violated the terms of his post-release supervision and revoked Barnes's probation.

¶2.    In August 2012, Barnes filed a motion for reconsideration. In October 2012, Barnes filed a petition to clarify the order of revocation. While these two motions were pending,

Barnes filed a motion for post-conviction relief (PCR) on November 1, 2012. By order dated November 20, 2012, the trial court addressed all Barnes's motions together and denied relief. Barnes did not appeal this order.

¶3. On December 7, 2012, Barnes filed another PCR motion, which the trial court denied on March 26, 2013. On June 14, 2013, Barnes sought relief from the Mississippi Supreme Court. The supreme court treated Barnes's motion as a request for an out-of-time appeal and remanded for the trial court to consider whether Barnes was entitled to proceed with an out-of-time appeal. We note that the trial court's order denying relief on March 26, 2013, is not in the record. On September 24, 2013, the trial court entered an order denying Barnes's request for an out-of-time appeal.

¶4. Barnes now appeals asserting the trial court erred in denying his request for an out-of-time appeal and revoking his post-release supervision.

STANDARD OF REVIEW

¶5. When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if it is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review. *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012).

DISCUSSION

¶6. We first look to whether the trial court abused its discretion in denying Barnes the opportunity to file an out-of-time appeal. "When a [trial] court summarily denies or dismisses a request for an out-of-time appeal, we review the decision for abuse of discretion." *Johnson v. State*, 137 So. 3d 336, 338 (¶7) (Miss. Ct. App. 2014) (citation

2

omitted). The trial court determined that "nothing before it would suggest that [Barnes's] request was timely made or that there is good cause for same."

¶7. In his reply brief, Barnes contends he never received a copy of the trial court's order of March 26, 2013, until May 2013, after which he appealed to the supreme court on June 14, 2013. Barnes must show he failed to appeal "through no fault of his own." *Havard v. State*, 911 So. 2d 991, 993 (¶10) (Miss. Ct. App. 2005). However, Barnes has presented no proof other than mere allegations that he failed to receive notice of the trial court's order.

¶8. Even if we found merit to Barnes's allegations, the PCR motion Barnes filed on December 7, 2012, was his second PCR motion and should have been barred as a successive writ. *See* Miss. Code Ann. § 99-39-23(6) (Supp. 2014). In addition, Barnes's only issue throughout his numerous filings has been the revocation of his probation. The trial court fully addressed this issue in the November 20, 2012 order denying Barnes's first PCR motion.

¶9. We find no merit to Barnes's appeal and affirm.

¶10. **THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JACKSON COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND JAMES, JJ., CONCUR. ROBERTS AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT.**