# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01156-COA

JOSEPH L. JOHNSON A/K/A JOSEPH JOHNSON          APPELLANT

v.

STATE OF MISSISSIPPI          APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/16/2014 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH L. JOHNSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION DISMISSED |
| DISPOSITION: | AFFIRMED: 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1. Joseph Johnson pled guilty to gratification of lust in 2009. He attempted to appeal his guilty plea, but his appeal was dismissed as untimely. He then filed a motion for post-conviction relief, which was denied in 2010. In 2012, Johnson sought to file a late appeal from the denial of his PCR motion, which was ultimately denied, and that denial was affirmed by this Court on appeal. *Johnson v. State*, 137 So. 3d 336 (Miss. Ct. App. 2014).

¶2. In March 2014, while Johnson's appeal from the denial of his motion to file a late appeal of his PCR motion was pending, Johnson filed in the circuit court a "Motion for

House Arrest" during the pendency of that appeal.[1]  The circuit court did not rule on this motion until September 2014, by which time Johnson's appeal had been finally decided against him, and the motion to release him pending its resolution was, by all appearances, moot.

¶3.     Johnson nonetheless appealed from that decision, and that appeal is before this Court today.  In his brief on appeal, Johnson does not argue that the circuit court should have granted his motion for house arrest.  Instead, he tells his side of the story of the underlying crime – he claims that he had an alibi at the time of the offense and that the prosecutrix accused him because he would not give her money to buy drugs.  He also alleges that his defense attorney convinced him to enter an open plea with the promise of a lenient sentence.  Beyond that narrative, Johnson enumerates four issues – the sufficiency of the evidence supporting his guilt for the underlying offense, whether the circuit court improperly considered his post-*Miranda* silence in sentencing, the legality of his sentence, and whether the circuit court properly considered a prior offense in his sentencing.

¶4.     In other words, Johnson is apparently attempting to transform his motion to be released on house arrest into a motion for post-conviction relief, following the denial of an out-of-time appeal from his actual PCR motion.  But because none of these issues were raised in the motion in the circuit court from which Johnson appeals, they are procedurally

---

[1] Johnson claimed in the motion that it was a direct appeal of his conviction and sentence, but he referred to the cause number of the appeal from the denial of his motion to file a late appeal of his PCR motion.

barred on appeal. *Ross v. State*, 603 So. 2d 857, 861 (Miss. 1992).

¶5.     It is true "that errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal." *Rowland v. State*, 42 So. 3d 503, 506 (¶11) (Miss. 2010) (citation omitted). But Johnson has not alleged the violation of any constitutional rights recognized as fundamental by the Mississippi Supreme Court.

¶6.     The right to be free from an illegal sentence – meaning specifically a sentence that does not conform to the applicable penalty statute – has been recognized as a fundamental constitutional right not subject to the procedural bars. But while Johnson does make certain arguments relating to how he was sentenced, he never argues that his sentence did not conform to the relevant statute. *See Small v. State*, 141 So. 3d 61, 66 (¶13) (Miss. Ct. App. 2014). Also, while Johnson does enumerate as his fourth issue a claim to have been "illegally" sentenced, it not actually argued; his brief abruptly ends after the third issue. "[T]he mere assertion of a constitutional right violation does not trigger the exception." *Evans v. State*, 115 So. 3d 879, 881 (¶3) (Miss. Ct. App. 2013).

¶7.     Johnson's asserted issues are clearly barred on appeal because they were not raised in the trial court, and as he does not challenge the trial court's denial of his motion for house arrest, we affirm it.

¶8.     **THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, JAMES AND WILSON, JJ., CONCUR. IRVING, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**