# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00755-COA

**ERIC DENORRIS KENNEDY A/K/A ERIC D. KENNEDY A/K/A ERIC KENNEDY**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:              03/15/2016
TRIAL JUDGE:                   HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:     HINDS COUNTY CIRCUIT COURT,
                               FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:        ERIC DENORRIS KENNEDY (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:            CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 01/09/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE IRVING, P.J., CARLTON AND WILSON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.    Following the Hinds County Circuit Court's order denying his motion for postconviction relief (PCR), Eric Kennedy filed a motion requesting that the circuit court reopen the time to file a notice of appeal. The circuit court denied Kennedy's motion. Kennedy now appeals.

¶2.    After our review, we find no abuse of discretion in the circuit court's denial of Kennedy's motion for an out-of-time appeal. We therefore affirm the circuit court's judgment.

### FACTS

¶3. In 1997, a Hinds County grand jury indicted Kennedy and Nakiea Sutton for capital murder, in violation of Mississippi Code Annotated section 97-3-19(2) (Supp. 1997), stemming from the burglary and subsequent murder of Thomas Ward.

¶4. On June 10, 1998, Kennedy pleaded guilty to the lesser-included offense of murder. The record reflects that in exchange for Kennedy pleading guilty, the State would recommend that Kennedy receive a sentence of life in prison. The plea petition reflects that the State would also agree not to seek adjudication of Kennedy's guilt in another matter that was then pending.

¶5. At the plea hearing, Kennedy testified that he had reviewed his plea petition with his attorney, and that he understood it. Kennedy testified that he also understood the allegations set forth against him, and he admitted that he did commit the alleged crime.

¶6. The circuit court explained that by pleading guilty, Kennedy waived the right to appeal his conviction, and Kennedy testified that he understood that fact. Kennedy also swore that he had not been threatened or promised anything in exchange for his guilty plea. Kennedy assured the circuit court that he was satisfied with his counsel's services, and thought he had been properly advised and represented. Kennedy's counsel stated that, based on his conversations with Kennedy, he thought Kennedy fully understood the consequences of pleading guilty. After questioning Kennedy and his counsel, the circuit court accordingly found that Kennedy's guilty plea was "intelligently and understandingly" made and accepted the plea. The circuit court sentenced Kennedy to serve life in the custody of the Mississippi Department of Corrections.

¶7. The record reflects that Kennedy filed his first PCR motion in 1998. The record further reflects that the circuit court denied Kennedy's PCR motion in an order entered December 3, 2002.

¶8. In its appellate brief, the State quotes Kennedy's assignments of error set forth in his first PCR motion. The State also discusses several other subsequent motions filed by Kennedy. The dates that Kennedy filed these motions are reflected on the circuit-court docket sheet contained in the record. However, the actual documents cited to and quoted from by the State do not appear in the record before us on appeal.

¶9. On December 16, 2013, Kennedy filed a second PCR petition, arguing that the statute under which he was convicted was unconstitutional; that his co-indictee's "recanted testimony" showed that Kennedy was not guilty; and that the evidence that was collected in the original investigation showed that he was not guilty.

¶10. On June 25, 2014, Kennedy filed a petition for a writ of mandamus in the Mississippi Supreme Court requesting that the supreme court compel the circuit court to rule on Kennedy's PCR motion. On August 29, 2014, the circuit court entered an order denying Kennedy's PCR motion after finding that "the motion has no merit." The supreme court subsequently entered an order on November 5, 2014, dismissing Kennedy's petition for a writ of mandamus as moot.

¶11. On November 18, 2014, Kennedy filed a motion asking the supreme court to impose sanctions on the circuit court for not providing its order denying his PCR motion to him within the time allowed for him to file an appeal. Kennedy also requested that the supreme

3

court treat his June 25, 2014 petition for a writ of mandamus as a notice of appeal, or mandate that the circuit court reopen his time to appeal.

¶12. The record reflects that on November 18, 2014, Kennedy also filed a notice of appeal in the circuit court, as well as a motion for an out-of-time appeal. Kennedy claimed that he never received a copy of the circuit court's August 29, 2014 order denying his PCR motion.

¶13. On June 9, 2015, the supreme court entered an order dismissing Kennedy's motion to impose sanctions on the circuit court. The supreme court explained as follows:

> Rule 4(h) of the Mississippi Rules of Appellate Procedure allow[s] a party such as Kennedy to request the relief he now seeks directly from the [circuit] court. Kennedy has failed to show that he made such a request of the [circuit] court. Accordingly, we find that the matter is not properly before this Court and it should be dismissed to be re-filed in the [circuit] court.

On March 15, 2016, the circuit court entered an order denying Kennedy's motion to reopen the time to file a notice of appeal. Kennedy now appeals.

**STANDARD OF REVIEW**

¶14. We recognize that "[t]he party seeking an out-of-time appeal carries the burden of persuasion regarding the lack of a timely notice." *Williams v. State*, 24 So. 3d 360, 363 (¶8) (Miss. Ct. App. 2009) (quoting *Andrews v. State*, 932 So. 2d 61, 62 (¶5) (Miss. Ct. App. 2006)).

¶15. On appeal, we review a circuit court's denial or dismissal of a request for an out-of-time appeal for an abuse of discretion. *Johnson v. State*, 137 So. 3d 336, 338 (¶7) (Miss. Ct. App. 2014).

**DISCUSSION**

¶16. Kennedy's appellate brief only addresses the merits of his PCR motion.[1] Before we can conduct an appellate review of the circuit court's denial of Kennedy's PCR motion, we must first, as a preliminary matter, discuss whether the circuit court abused its discretion in denying Kennedy's motion for an out-of-time appeal. In so doing, we recognize that the PCR motion at issue was not Kennedy's first PCR motion.

¶17. The record reflects that on August 29, 2014, the circuit court entered its order denying Kennedy's instant PCR motion after finding that "the motion has no merit." Kennedy failed to file an appeal of this order until November 18, 2014, at which time Kennedy also filed a motion for an out-of-time appeal. The circuit court denied Kennedy's request for an out-of-time appeal after determining that his motion lacked merit.

¶18. Mississippi Rule of Appellate Procedure 4(a) provides the time limit for filing an appeal: "[T]he notice of appeal . . . shall be filed with the clerk of the [circuit] court within 30 days after the date of entry of the judgment or order appealed from." Kennedy filed his notice of appeal approximately eighty-one days after the circuit court denied his PCR motion, clearly outside of the thirty-day time limit set forth in Rule 4(a). Furthermore, the circuit court expressly denied Kennedy's motion for an out-of-time appeal. Mississippi Rule of Appellate Procedure 2(a) requires that an appeal "be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5."

¶19. However, Mississippi Rule of Civil Procedure 4(h) sets forth an exception to the thirty-day time limit for appealing a judgment and provides as follows:

---

[1] We recognize that the supreme court has held that "pro se pleadings must be construed liberally." *Evans v. State*, 725 So. 2d 613, 678 (¶280) (Miss. 1997).

The trial court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal.

¶20. Additionally, we recognize that "[w]e may suspend Rules 2 and 4 when justice demands to allow an out-of-time appeal in criminal cases." *Edmond v. State*, 991 So. 2d 588, 591 (¶10) (Miss. 2008) (citation and internal quotation marks omitted); *Johnson*, 137 So. 3d at 339 (¶9); *see* M.R.A.P. 2(c) (Upon a showing of good cause, this Court "may suspend the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction[.]"). This Court will grant an out-of-time appeal "where a person is convicted of a crime and[,] through no fault of his own[,] is effectively denied his right to perfect his appeal within the time prescribed by law by the acts of his attorney or the trial court." *Edmond*, 991 So. 2d at 591 (¶10).

¶21. As stated, we review a circuit court's denial or dismissal of a request for an out-of-time appeal for an abuse of discretion. *Barnes v. State*, 151 So. 3d 220, 221 (¶6) (Miss. Ct. App. 2014). In his motion for an out-of-time appeal, Kennedy argued that he never received a copy of the circuit court's order denying his PCR motion; therefore, it was through "no fault" of his own that "he did not [timely] perfect his appeal." Kennedy claimed that he sent a letter to the circuit-court clerk on October 7, 2014, requesting a copy of the circuit court's order denying his PCR motion. Kennedy argued that this letter shows that he "had not

6

known of any ruling" by the circuit court. Kennedy also claimed in his motion that the circuit-court docket failed to reflect that he received the circuit court's order. Kennedy argued that the record thus contains "nothing to indicate that [Kennedy] did receive [a] copy of an order dismissing his [PCR] motion." Kennedy further stated that at the time of filing his motion for an out-of-time appeal, he still had not received the circuit court's order. Additionally, in his reply brief on appeal, Kennedy alleges that "good cause was shown when the circuit court clerk admitted that [she] had not mailed [Kennedy his] decision."

¶22. Kennedy bears the burden of showing he failed to timely appeal "through no fault of his own." *Barnes*, 151 So. 3d at 222 (¶7) (quoting *Havard v. State*, 911 So. 2d 991, 993 (¶10) (Miss. Ct. App. 2005)). Our review of the record reveals that Kennedy presented no credible evidentiary proof showing that he failed to receive notice of the circuit court's order denying his PCR motion. Kennedy also provides no evidence in support of his allegation that the circuit-court clerk admitted that she failed to mail to Kennedy the circuit court's order denying Kennedy's PCR motion. As acknowledged, the State submits that the instant PCR motion was successive and that the alleged claims were raised in Kennedy's prior PCR motion and prior motions. In *Barnes*, 151 So. 3d at 222 (¶7), this Court affirmed the circuit court's denial of an out-of-time appeal where the appellant "presented no proof other than mere allegations that he failed to receive notice of the trial court's order." Additionally, in *Johnson*, 137 So. 3d at 339 (¶10), this Court affirmed the circuit court's dismissal of the appellant's motion for an out-of-time appeal where the appellant failed to show that "justice demands suspension of the rules or to proffer that any good cause exists to explain the reason

7

for the delay of his appeal."

¶23.   After our review of the record, we find that Kennedy has failed to show that good cause exists for his failure to timely perfect an appeal of the circuit court's order denying his PCR motion.  Accordingly, we find no abuse of discretion by the circuit court in denying Kennedy's motion for an out-of-time appeal.

¶24.   **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**