# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01026-COA

**JERRELL THOMAS A/K/A JERRELL JEROME THOMAS A/K/A JERRELL J. HINTON**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                        **APPELLEE**

DATE OF JUDGMENT:                 09/25/2019
TRIAL JUDGE:                      HON. ROBERT B. HELFRICH
COURT FROM WHICH APPEALED:        FORREST COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:           JERRELL THOMAS (PRO SE)
ATTORNEY FOR APPELLEE:            OFFICE OF THE ATTORNEY GENERAL
                                  BY: BILLY L. GORE
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                      REVERSED AND REMANDED - 04/06/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     On October 3, 2006, a Forrest County Circuit Court jury found Jerrell Thomas guilty of touching a child for lustful purposes. He was sentenced to serve a term of fifteen years in the custody of the Mississippi Department of Corrections. On October 16, 2006, Thomas's privately retained defense counsel filed timely post-trial motions for a new trial and to reconsider his sentence. For reasons not disclosed by the record, the trial court never ruled upon the motions, and thus no direct appeal was ever taken. Thereafter, Thomas's trial counsel passed away.

¶2.     Nearly thirteen years later, on May 14, 2019, Thomas filed a motion for post-

conviction relief (PCR) requesting the Forrest County Circuit Court grant him an out-of-time appeal and appointment of counsel as an indigent defendant for a direct appeal. He claimed that he could not afford to retain counsel to perfect an appeal, and he complained that his defense counsel never informed him that he could appeal as an indigent. The trial court summarily dismissed Thomas's PCR motion for an out-of-time appeal as time-barred, stating:

> The record does not disclose why Thomas's motion for a new trial and motion to reconsider sentence languished for twelve-plus years without a ruling or why Thomas did not appeal. But more important at this late stage, there is nothing in the record to justify Thomas's failure to request an out-of-time appeal for almost thirteen years after he failed to file a timely notice of appeal.

¶3. Thomas is no longer imprisoned but is registered as a sex offender. It is unclear when he was released from custody, but the address on his reply brief indicates he was still imprisoned as late as July 2020. However, Thomas can still file for post-conviction relief. For certain post-conviction challenges, "[s]tanding no longer hinges on the requirement of being 'any prisoner in custody under sentence'" of a Mississippi court. *Howell v. State*, 283 So. 3d 1100, 1104 (¶16) (Miss. 2019) (quoting Miss. Code Ann. § 99-39-5(1) (Rev. 2007)). Section 99-39-5 was amended in 2009 to allow persons who are "on parole or probation or subject to sex offender registration" to file a PCR motion if claiming certain matters, one of which being the right to an out-of-time appeal. Miss. Code Ann. § 99-39-5(1)(i) (Rev. 2015); *see Howell*, 283 So. 3d at 1103-05 (¶¶13, 19) (The supreme court found the defendant had standing to file a PCR motion claiming an illegal sentence under section 99-39-5(1)(d) even though his sentence had expired.).

¶4.    Thomas, appearing pro se, now appeals the dismissal of his PCR motion. We find the trial court erred in dismissing the motion as time-barred. Because the trial court never ruled upon the 2006 post-trial motions, Thomas's case before the trial court was not final until the new rules of criminal procedure provided a rule to finalize his case by operation of law in 2017. Because he filed his PCR motion within three years of this date, his PCR motion is not time-barred. Accordingly, we reverse and remand for proceedings consistent with this opinion.

## STANDARD OF REVIEW

¶5.    "When a circuit court summarily denies or dismisses a request for an out-of-time appeal, we review the decision for abuse of discretion." *Pulliam v. State*, 282 So. 3d 734, 736 (¶7) (Miss. Ct. App. 2019) (citing *Johnson v. State*, 137 So. 3d 336, 338 (¶7) (Miss. Ct. App. 2014)). "Questions of law are reviewed de novo." *Id.* (citing *Barnes v. State*, 151 So. 3d 220, 221 (¶5) (Miss. Ct. App. 2014)).

## DISCUSSION

¶6.    Rule 4(e) of the Mississippi Rules of Appellate Procedure provides that a criminal defendant must file a notice of appeal within thirty days after the date of the denial of any motion for a new trial or for judgment of acquittal notwithstanding the jury verdict, or after the date of imposition of sentence, whichever is later.[1] The record Thomas provides for our review is sparse and does not include his defense counsel's post-trial motions or any

[1] The rule further states, "A notice of appeal filed after the court announces a decision, sentence, or order but before it disposes of any of the above motions, is ineffective until the date of the entry of the order disposing of the last such motion outstanding, or until the date of the entry of the judgment of conviction, whichever is later." M.R.A.P. 4(e).

3

indication they were ruled upon. However, the trial court's opinion dismissing Thomas's PCR motion stated that defense counsel timely filed the motions on October 16, 2006, but the motions were never ruled upon. The record was silent as to why. Because the motions were never ruled upon, Thomas's case was technically still pending before the trial court and thus not ripe for appeal. Therefore, his PCR motion requesting an out-of-time appeal could not be time-barred.

¶7. The Mississippi Rules of Criminal Procedure, effective July 1, 2017, include a rule "new to Mississippi practice" on post-trial motions to promote finality. MRCrP 25.3 cmt. Rule 25.3 provides, "A motion for a new trial or a motion to vacate judgment pending thirty (30) days after entry of judgment shall be deemed denied as of the thirtieth (30th) day after the motion was filed." MRCrP 25.3. The rule was created to prevent the exact situation that occurred in Thomas's case—"when a timely post-trial motion is filed but is not decided" upon by the trial court. MRCrP 25.3 cmt. If the trial court never rules upon the post-trial motion, "[s]uch a case is then essentially in limbo, as the pending post-trial motion indefinitely postpones the running of the period for filing a notice of appeal and indefinitely delays finality in the case." *Id.*

¶8. In Thomas's case, however, the new rules of criminal procedure were not in effect at the time of trial, and the applicable rule, Uniform Rule of Circuit and County Court Practice 10.05, did not provide for any such denial of post-trial motions by operation of law. Because Thomas's motion for a new trial and for reconsideration of sentence were never ruled upon, the time for filing a notice of appeal was "indefinitely postpone[d]," and

4

Thomas's case was left "in limbo."

¶9. Under Rule 25.3, the earliest possible date that Thomas's case could be final and ripe for appeal was the date the new rules of criminal procedure went into effect—July 1, 2017—as his post-trial motions had already been pending for "thirty days after entry of judgment" when the rules went into effect.[2] Regarding the timeliness of his PCR motion, under Mississippi Code Annotated section 99-39-5(2), Thomas had three years to file his motion "after the time for taking an appeal from the judgment of conviction or sentence has expired." Thomas filed his PCR motion in May 2019, which is within three years of July 2017. Therefore, his PCR motion was not time-barred. Moreover, there is nothing in the record to indicate Thomas was aware that his conviction became final in 2017 under the new criminal procedure rules. Further, we note that but for the operation of these new rules, Thomas's case would still not be final for purposes of appeal.

¶10. Section 99-39-5(1)(i) allows an inmate to file a motion for post-conviction relief if

---

[2] Alternatively, Thomas's case could be final thirty days after the date the new rules went into effect, or July 31, 2017, but this thirty-day difference is not pertinent to our disposition.

The dissent reasons that "the language of new Rule 25.3 suggests that [the rule] simply was not intended to apply to new trial motions that had already been pending for more than thirty days." Yet the "Order Adopting the Mississippi Rules of Criminal Procedure" clearly states that these rules "shall govern the procedure *in all criminal proceedings* in the Circuit, County, Justice and Municipal Courts of this State. These rules shall take effect on July 1, 2017." (Emphasis added). Thomas's motion for a new trial was pending in a criminal proceeding on July 1, 2017, and we cannot "simply hold that Rule 25.3 does not apply" as proposed by the dissent. We must interpret the rules "to provide for the just and speedy determination of criminal proceedings . . . [and] to eliminate unjustifiable delay and expense." MRCrP 1.2. We believe that our disposition in this matter does so, as it will bring finality to the ongoing criminal proceedings rather than leaving Thomas exactly where he was for over ten years—waiting for the trial court to rule.

the inmate claims entitlement to an out-of-time appeal. However, Thomas could not file for such relief until July 2017, as his case was technically still pending before the trial court until the new rules of criminal procedure provided finality under Rule 25.3. Because Thomas filed his PCR motion in May 2019, it was within the statutory three-year window of section 99-39-5(2). Under the unusual circumstances of this case, we find the trial court abused its discretion in dismissing Thomas's PCR motion as time-barred.

¶11. Here, the trial court never determined whether Thomas was entitled to an out-of-time appeal. Because the trial court retains "the exclusive, original jurisdiction to determine the merits" of a PCR motion after dismissal, we remand for the trial court to do so. *See Graham v. State*, 85 So. 3d 847, 850 (¶6) (Miss. 2012); *see also Smith v. State*, 290 So. 3d 1244, 1246-47 (¶7) (Miss. 2020) (The supreme court reversed and remanded a case for the trial court to determine if a timely PCR motion requested grounds for out-of-time appeal.); *Pulliam*, 282 So. 3d at 737 (¶13) (Where the circuit court improperly determined a PCR request for an out-of-time appeal was untimely, this Court reversed and remanded because the circuit court had not considered if the defendant was entitled to such an appeal.). Accordingly, we reverse and remand for the trial court to determine if Thomas was entitled to an out-of-time appeal.

¶12. **REVERSED AND REMANDED.**

**CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. WILSON, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY SMITH, J. EMFINGER, J., NOT PARTICIPATING.**

**WILSON, P.J., DISSENTING:**

6

¶13. In October 2006, following a jury trial, Thomas was convicted and sentenced for touching a child for lustful purposes. Thomas filed a timely motion for a new trial, but the trial court has never ruled on that motion. When the motion was filed and for more than a decade thereafter, the law was clear that there was no final judgment in Thomas's case because his motion for a new trial remained pending. Therefore, any appeal would have been premature and would have been dismissed for lack of jurisdiction. *See* MRCrP 25.3 cmt.; *Darnell v. Darnell*, 199 So. 3d 695, 696-97 (¶5) (Miss. 2016); *Griffin v. State*, 565 So. 2d 545, 548 (Miss. 1990); *McCoy v. State*, No. 2013-KA-02126-COA, at 6-7 (¶¶13-15) (Miss. Ct. App. June 9, 2015).

¶14. The Mississippi Rules of Criminal Procedure became effective on July 1, 2017, more than ten years after Thomas filed his motion for a new trial. Under new Rule 25.3, titled "Denial by Operation of Law," "A motion for a new trial or a motion to vacate judgment pending thirty (30) days after entry of judgment shall be deemed denied as of the thirtieth (30th) day after the motion was filed." MRCrP 25.3. The Comment to Rule 25.3 explains,

> *Rule 25.3 is new to Mississippi practice.* The Rule promotes finality by providing that a motion for a new trial or a motion to vacate judgment shall not remain pending in the trial court for more than thirty (30) days after the motion was filed. This Rule thereby addresses the problem of when a timely post-trial motion is filed but is not decided or even noticed for a hearing. Such a case is then essentially in limbo, as the pending post-trial motion indefinitely postpones the running of the period for filing a notice of appeal and indefinitely delays finality in the case.

*Id.* cmt. (emphasis added).

¶15. The majority opinion recognizes that Thomas's motion for a new trial remained pending in the trial court and that there was no appealable final judgment in his case from

7

October 2006 until July 2017. But the majority then holds that under new Rule 25.3, Thomas's motion for a new trial was "deemed denied" by operation of law on either July 1, 2017, when the new rule went into effect, or thirty days later, on July 31, 2017. *Ante* at ¶9 & n.2. The majority further reasons that Thomas's case became "final and ripe for appeal" at that time. *Ante* at ¶9.

¶16.    I respectfully disagree. The new rule's plain language does not say that long-pending motions are to be "deemed denied" on the rule's effective date or thirty days after. Rather, the rule states that a motion for a new trial "shall be deemed denied *as of the thirtieth (30th) day after the motion was filed*." MRCrP 25.3 (emphasis added). Therefore, if the new rule is in fact applicable to Thomas's motion, then his motion was "deemed denied" in 2006—more than ten years before the rule went into effect. The new rule should not be interpreted to result in the denial of a motion nunc pro tunc to a date years earlier. Rather, the language of new Rule 25.3 suggests that it simply was not intended to apply to new trial motions that had already been pending for more than thirty days.

¶17.    The Mississippi Supreme Court addressed a somewhat analogous issue in *Fisher v. Drankus*, 204 So. 3d 1232 (Miss. 2016). In *Drankus*, the Court considered whether a new statute that required the Mississippi Department of Corrections (MDOC) to develop "case plans" for parole-eligible inmates applied to inmates who had been convicted and sentenced prior to the new statute's effective date. *Id.* at 1233-35 (¶¶1, 7). The Court noted that the new statute required MDOC to, among other things, develop a case plan within ninety days of an inmate's "admission" to MDOC custody and ensure that the case plan was "achievable

8

prior to the inmate's parole eligibility date." *Id.* at 1235 (¶7) (quoting Miss. Code Ann. § 47-7-3.1(2), (4)). MDOC argued that the statute only applied to new inmates because "it would be impossible for MDOC to comply with the statute as drafted if it were applied retroactively to offenders . . . who were convicted and sentenced prior to" the statute's effective date, including offenders whose parole eligibility dates had long since passed. *Id.* at 1235 (¶¶7-8). The Court held that MDOC's interpretation was "reasonable and not inconsistent with the language of the [new] statute and ascertainable legislative intent." *Id.* at 1235 (¶10).[3] The Court agreed with MDOC that the new statute "contain[ed] operative mandates which indicate[d] that [its] parole-case-plan directive was intended to apply prospectively" only. *Drankus*, 204 So. 3d at 1235 (¶10). The Court further noted that "[n]othing in the [new statute] addresse[d]" the issue of inmates whose parole-eligibility dates had already passed. *Id.* at 1236 (¶12). In affirming MDOC's interpretation of the new statute, the Court relied on "[t]he longstanding rule in Mississippi . . . that statutes will be construed to have a prospective operation only, unless a contrary contention is manifested by the clearest and most positive expression." *Id.* at (¶13) (quotation marks omitted).[4]

---

[3] In *Drankus*, the Court stated that "[a]n agency's interpretation of its governing statutes is a question of law, subject to de novo review, but with deference to the agency's interpretation." *Id.* at 1235 (¶9). Subsequently, the Court held that courts must review the agency's interpretation de novo and without deference to the agency. *King v. Miss. Military Dep't*, 245 So. 3d 404, 408 (¶12) (Miss. 2018).

[4] Presiding Justice Dickinson concurred in the result but reasoned that the Court "err[ed] by framing the issue as one of prospective versus retroactive application." *Id.* at 1241 (¶17) (Dickinson, P.J., concurring in result only). He concluded that the inmate was not seeking to apply the statute retroactively but only sought to apply the new statute "to his presently existing parole-eligibility status." *Id.* at 1242 (¶20). Nonetheless, Justice Dickinson agreed that "the best interpretation of the statute's plain language, when read as

9

Based on that rule, the Court held that the new statute did not apply to offenders whose parole eligibility dates passed prior to the statute's effective date. *Id.* at 1236 (¶14).

¶18.    The issue in this case is similar to the issue in *Drankus*. Rule 25.3 cannot sensibly be applied to Thomas's motion for a new trial because it would result in that motion being "deemed denied" as of a date more than ten years in the past. The majority opinion avoids that result only by rewriting Rule 25.3 to account for the facts of this case.[5] Rather than rewriting the rule, I would simply hold that Rule 25.3 does not apply to Thomas's motion for a new trial and, therefore, that the motion remains pending in Thomas's criminal case. For that reason, I would also hold that Thomas's motion for post-conviction relief and an out-of-time appeal is unnecessary and should be dismissed without prejudice. The trial court should simply rule on Thomas's still-pending motion for a new trial, at which point Thomas may file a direct appeal from his conviction.

**SMITH, J., JOINS THIS OPINION.**

---

a whole," was that the statute only applied to those "parole-eligible offenders to who [it could] be applied completely." *Id.* at 1244 (¶25). That is, he agreed with the Court that the statute did not apply to inmates whose parole-eligibility dates had already passed. *Id.*

[5] The majority "believe[s] that [its] disposition in this matter" is preferable and promotes some of the purposes of the new Rules of Criminal Procedure because it "will bring finality to the ongoing criminal proceedings." *Ante* at n.2. A desire for "finality" is an ironic justification for the majority's disposition, which is to remand the case for a hearing to determine whether to reopen those same criminal proceedings.