# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-01109-COA

JAMES SCOTT LEWIS A/K/A JAMES S. LEWIS        APPELLANT

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/01/2023 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JAMES SCOTT LEWIS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/03/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. James Scott Lewis filed a motion for post-conviction collateral relief (PCR) in the Circuit Court of Harrison County, Mississippi, on April 12, 2023. After the denial of his motion, Lewis appealed.

## FACTS AND PROCEDURAL HISTORY

¶2. During the March 2002 term of a grand jury for the First Judicial District of Harrison County, the grand jury returned an indictment against Lewis, charging him with seven counts of sexual battery, four counts of statutory rape, and one count of touching a child for lustful purposes. On June 28, 2004, Lewis pled guilty to statutory rape in Count 1, sexual battery in Count 4, sexual battery in Count 6, and statutory rape as set out in Count 11. He was

sentenced to serve twenty years in custody for Count 1 and ten years for Count 4 (to run consecutively to Count 1). For Count 6, he was sentenced to serve twenty years in custody, and for Count 11, he was sentenced to serve ten years, set to run consecutively to Count 6. The sentences for Counts 1 and 4 were ordered to run concurrently with the sentences for Counts 6 and 11, respectively, resulting in thirty years to serve in the custody of the Mississippi Department of Corrections (MDOC). The sentences were suspended, and Lewis was placed on post-release supervision for a period of five years. His post-release supervision was transferred to the State of Georgia, and he was required to register as a sex offender.

¶3.     On March 19, 2008, MDOC filed a "Petition to Revoke Probation" to revoke Lewis' post-release supervision because Lewis had been arrested and charged with the murder of his wife in Georgia. Lewis subsequently pled guilty to voluntary manslaughter and was sentenced to serve fifteen years in the custody of the Georgia Department of Corrections.

¶4.     Upon completion of his sentence in Georgia, Lewis was returned to Mississippi, and his revocation hearing was conducted on April 9, 2020. Lewis, who was represented by counsel at the hearing, was found to have violated the terms of his post-release supervision due to his Georgia felony conviction.[1] As a result of his revocation, Lewis was sentenced to serve a total of twenty-six years in MDOC's custody. The "Amended Order" provided that "The Defendant shall receive credit for any and all Time Served on these charges <u>including credit for time served since the placing of a detainer in favor of the State of Mississippi, as determined by the Department of Corrections.</u>"

---

[1] The transcript of the revocation hearing is not a part of the record on appeal.

2

¶5.     Lewis filed a PCR motion not to challenge his revocation, but to challenge his 2004 guilty plea. Lewis contended:

> I plead guilty to a crime without the knowledge of exculpatory evidence that was and is material to my case. The evidence being a positive syphilis result on a sexual assault kit that was in the possession of MDCPS and withheld from the defense prior to the plea agreement.

Lewis argues that had he known that C.P., one of the victims listed in his indictment, tested positive for syphilis, he would have gone to trial and not pled guilty. Lewis argues that the State's allegation that "I was sleeping with my wife and both step daughters is and was false to begin with." He contends that if that statement were true, all three of them would have tested positive for syphilis.

¶6.     After he pled guilty and was sentenced, Lewis remained in Mississippi until an "Interstate Compact" could be completed, transferring his supervision to the State of Georgia. In his PCR motion, Lewis stated that the Mississippi Department of Child Protection Services (MDCPS) gave custody of "all our kids" to his brother-in-law, Scott Padgett, and his wife, Linda. Lewis stated that he lived with Scott and Linda Padgett for almost two months until the compact was completed. According to Lewis, when MDCPS brought the children to the Padgetts, someone told him about C.P.'s positive syphilis test. The Padgetts then told Lewis about the positive syphilis test before Lewis left for Georgia.

¶7.     Lewis maintains that pursuant to Mississippi Code Annotated section 99-39-5(1)(i) (Rev. 2020), he is entitled to an out-of-time appeal. He argues that pursuant to section 99-39-5(1)(e), the positive syphilis test of one of the victims is "evidence of material facts thats [sic] not previously presented and heard that requires vacation of the conviction and sentence

3

in the Interest of Justice." The circuit court summarily denied his claim for relief. *See Brown v. State*, 362 So. 3d 106, 111 (¶15) (Miss. Ct. App. 2023) ("However, a circuit court may dismiss a PCR motion without an evidentiary hearing if the movant fails to show that his claim is 'procedurally alive.'" (quoting *Ford v. State*, 336 So. 3d 1146, 1150 (¶12) (Miss. Ct. App. 2022) (collecting cases))).

## STANDARD OF REVIEW

¶8.     In *Thomas v. State*, 314 So. 3d 1181, 1183 (¶5) (Miss. Ct. App. 2021), this Court stated:

> "When a circuit court summarily denies or dismisses a request for an out-of-time appeal, we review the decision for abuse of discretion." *Pulliam v. State*, 282 So. 3d 734, 736 (¶7) (Miss. Ct. App. 2019) (citing *Johnson v. State*, 137 So. 3d 336, 338 (¶7) (Miss. Ct. App. 2014)). "Questions of law are reviewed de novo." *Id*. (citing *Barnes v. State*, 151 So. 3d 220, 221 (¶5) (Miss. Ct. App. 2014)).

## ANALYSIS

¶9.     Because Lewis entered pleas of guilty, he cannot directly appeal his convictions. *See Vlasak v. State*, 378 So. 3d 465, 466 (¶3) (Miss. Ct. App. 2024); Miss. Code Ann. § 99-35-101 (Rev. 2020). However, his PCR motion can also be read to challenge the voluntariness of his 2004 guilty pleas based upon his contention that the State withheld material evidence that one of the victims tested positive for syphilis. Because his 2023 PCR motion was not filed within three years of his convictions,[2] Lewis bears the burden of proving that his claim

---

[2] Mississippi Code Annotated section 99-39-5(2) requires that a PCR motion for post-conviction collateral relief must be filed "within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction."

4

is not procedurally barred. *Lockett v. State*, 614 So. 2d 888, 893 (Miss. 1992).

¶10.    In his motion before the circuit court, Lewis argued that he could file his PCR motion within "the first five (5) years of" his registration as a sex offender. Further, he argued because he was "locked up" in Georgia after only three and a half years of registration, his time within which to file a PCR motion was tolled. Lewis cites no authority for this contention.[3]

¶11.    Without specifically referring to the exceptions to the bar, Lewis contends that he has newly discovered evidence that entitles him to relief. This may be true pursuant to the exceptions provided in section 99-39-5(2)(a)(i), but the burden was on Lewis to show that such evidence was "not reasonably discoverable at the time of trial" and that such evidence would be "practically conclusive" of his innocence of the charges. Miss. Code Ann. §99-39-5(2)(a)(i). In a similar case, this Court stated in *Clark v. State*, 54 So. 3d 304, 307 (¶8) (Miss. Ct. App. 2011):

> In the case of the exception for newly discovered evidence, the petitioner must prove that he has evidence, **not reasonably discoverable at trial, that would have caused a different result in the conviction or sentence**. Miss. Code Ann. § 99-39-5(2)(a)(i). Clark has failed to provide any evidence, other than the assertions in his brief, that the police had promised him a lesser sentence or that knowledge of the alleged promise would have affected the circuit court's sentencing decision. Furthermore, even if Clark had provided evidence of a promise of a lesser sentence, such evidence was available to Clark when he pleaded guilty. Without an applicable exception to the statute of limitations, Clark's petition is time-barred. This assignment of error lacks merit.

(Emphasis added).

---

[3] On appeal, Lewis challenges the timeliness of his revocation hearing. Because this issue was not raised in his PCR motion before the trial court, it is barred from consideration on appeal. *See Camphor v. State*, 339 So. 3d 205, 207 (¶6) (Miss. Ct. App. 2022).

¶12. First, we must address whether the evidence was "reasonably discoverable at trial." On February 21, 2003, Lewis' trial counsel filed a "Motion for Preservation of Evidence Samples." In this motion, Lewis' counsel specifically referred to the gynecological report on C.P. and "certain body fluid samples" taken from C.P. during the "victim's gynecological examination on November 29, 2001." This was well over a year after the sample was taken and was sixteen months prior to Lewis entering his pleas of guilty. We find that Lewis has failed to produce any evidence, other than his assertions in his pleading, that C.P. tested positive for syphilis or that such evidence was not "reasonably discoverable" before he entered his pleas of guilty.

¶13. Further, the trial court found that Lewis had failed to provide any documentary or testimonial evidence to support his claim that a positive syphilis test would have "caused a different result in the conviction or sentence." We agree with the trial court that even if it was shown that C.P. tested positive for syphilis, Lewis has not shown that he would have been exonerated by such a test alone.

## CONCLUSION

¶14. We find that Lewis' PCR motion, filed almost twenty years after his convictions, is time-barred pursuant to section 99-39-5(2) and that he has failed to show that any statutory exception applies to his claim. We affirm the circuit court's summary denial of Lewis' PCR motion. See *Brown*, 362 So. 3d at 111 (¶15).

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND WEDDLE, JJ., CONCUR. SMITH, J.,**

6

**NOT PARTICIPATING.**